### STATE v. HALL

#### (101 S. E., 662)

JURY—ATTORNEY FOR ACCUSED CHARGED WITH MURDER CANNOT CONSENT TO TRIAL BY ELEVEN MEN.—In view of Const. 1895, Art. 1, Sections 18, 25, and Article 5, Sec. 22, one charged with a capital felony who has demanded a trial by jury cannot be tried by any other than a jury of twelve men, and his attorney cannot consent to a trial by eleven men, notwithstanding that accused remains silent and testifies before the eleven men.

Before McIVER, J., Aiken, January, 1919. Reversed, and remanded.

Dalton Hall was convicted of murder and he appeals.

*Messrs. J. E. Stansfield* and *J. B. Salley,* for appellant cite: *Law of flight of accused after commission of homicide:* 162 U. S., 511; 40 L. Ed., 1056; 160 U. S., 418; 40 L. Ed., 476. *Trial by jury in civil case may be waived:* Code Civ. Pro., 1912, Sec. 326. *No person punishable unless legally convicted:* Crim. Code, 1912, Sec. 79. *Verdict of less than twelve men in felony case is a nullity; accused cannot waive right:* 54 S. C., 282; 2 S. C., 440; 2 Hill 155; Const., of 1895, Art. I, Sec., 25 and Art V, Sec., 22; Crim. Code 1912, Sec. 77; 162 N. C., 656; 78 S. E., 293; 46 L. R. A. (N. S.), 38, Ann. Cas., 1914-A., 867; 11 Okla., 261; 71 P., 218; 61 L. R. A., 324; 11 L. R. A.

---

NOTE: The report of this case was overlooked by a former Reporter.

(N. S.), 1136; 42 P., 87; 105 La., 696; 54 L. R. A., 933;
128 Ill., 585; 21 N. E., 563; 15 A. S. R., 153; 61 Miss.,
577; 4 Howard (Miss.), 163; 4 Mont., 149; 47 Am. R.,
341; 2 Ohio St., 296; 59 Am. Dec., 671; 52 Tex. Crim.,
303; 106 S. W., 345; 124 A. S. R., 1097; 18 N. Y., 128;
54 Ind., 461; 44 Ala., 393; 17 Am. R., 40; 134 Wis., 307;
114 N. W., 492; 14 L. R. A. (N. S.), 862; 5 Pa. Co. Ct.,
295; 22 Wash., 129; 60 P., 1052; 88 Cal., 608; 41 Mo.,
470; 102 Ind., 51; 1 N. E., 65; 1 Metc., (Ky.), 365; 11
Nev., 119; 47 Ark., 568; 48 Cal., 257; 54 Ind., 461; 36
Md., 257; 16 Mich., 351; 14 Minn., 439; 41 N. H., 550;
46 Conn., 349; 33 Am. R., 32; 49 L. Ed., 99; 170 U. S.,
343; 42 L. Ed., 1067; 59 F., 110. *In felony case accused
may waive rights merely incidental:* 36 S. C., 509; 47 Am.
R., 341; 41 Mo., 475; 18 N. Y., 136; 16 Mich., 357; 59
L. Ed., 986. *Jurisdiction cannot be given by consent of
accused:* 87 S. C., 8; 74 S. C., 440; 68 S. C., 318; 53 S. C.,
202; 37 S. C., 539; 28 S. C., 313; 24 S. C., 122; 53 F., 18;
11 L. R. A. (N. S.), 1140; 42 L. Ed., 1067; 21 N. E.,
564. *What "case" to contain:* Rule 5 of Supreme Court,
1912, Sec. 3.

*Messrs. R. L. Gunter, Solicitor,* and *D. S. Henderson,*
for respondent cite: *Law of flight of accused after com-
mission of homicide:* 107 S. C., 480; 162 U. S., 511; 160
U. S., 408. *Accused may waive constitutional rights at
his trial:* 109 S. C., 293; 98 S. E., 12; 82 S. C., 368; 64
S. C., 345; 64 S. C., 205; 43 S. C., 52; 83 S. E., 645; 142
Ga., 741; 80 S. E., 1016; 237 U. S., 317; 108 Ark., 191;
Ann. Cas., 1915-B, 456; 117 Miss., 532, Ann. Cas., 1918-E;
371; 1 Bishop's New Crim. Law, Secs. 985 and 996; Whar-
ton on Crim. Law, Sec. 591. *Case distinguished:* 54
S. C., 282.

December, 23 1919.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

The following statement of the facts by his Honor the presiding Judge, appears in the record:

"The defendant, Dalton Hall, was indicted by the grand jury of Aiken County at the January term of the Court of General Session for the year 1919, the indictment charging that the said Dalton Hall murdered Foster Kale at Graniteville,. in the County of Aiken and State aforesaid, on October 22, 1918, by shooting him with a pistol. The defendant's plea to the indictment was 'not guilty,' and he was put upon trial, on that plea, and on the issues raised thereby. The evidence introduced on the part of the State tended to prove the charge as made, that the defendant, with malice aforethought, killed and murdered the deceased, Foster Kale, at a house in the town of Graniteville, in the County and State aforesaid. The testimony on the part of the defense tended to prove that the defendant, Dalton Hall, acted in self-defense. The case remained on trial for two days, and at the end of the sceond day the jury found the defendant guilty of murder, and recommended him to mercy.

The case came on for trial on January 16, and continued on the morning of January 17th. On that morning, when the Court convened, one of the jurors, A. H. Fulmer, notified the Court and counsel, that when he went to his home several miles in the country, the night before, he found his brother had been stricken with paralysis, and that he was unconscious, and he wished to be excused from the jury. The counsel for the State, Messrs. Gunter and Henderson, and the counsel for the defendant, who then represented said defendant, and the defendant Dalton Hall himself, being present in Court but saying nothing, agreed that the juror could be excused, and that the trial should continue with eleven jurors. Thereupon the juror did not enter the panel, and the case continued with eleven jurors sitting, by the full consent of the defendant's counsel. No ruling was asked of the Court on the subject, and none was made, and no question was then made, or at any time, by the defend-

ant or his counsel, that the trial could not proceed with
eleven jurors. Besides the defendant being present, there
was present, sitting at the table with the defendant and his
counsel, the father and mother of the defendant, and no
protest was made. The defendant was a man of eighteen
years of age, and after this matter took place in open Court,
he testified on his own behalf lengthily and intelligently.
The case went to the jury after argument of counsel, and
no request to charge was made to the Judge on the question
of any alleged illegality of the jury, and after the jury had
rendered its verdict on the next day, to-wit: the 18th day of
January, defendant's counsel made a motion for a new
trial on the minutes of the Court in behalf of his client, and
argued it fully and completeyl, but no question was made
as to the said alleged illegality of the jury. That motion
for a new trial was refused by the Judge, after due con-
sideration upon the merits of the case. No motion in arrest
of judgment was made by defendant's counsel, and the first
time that any question was made that the jury was illegal,
was in the proposed case served on the counsel for the State,
on the 24th of March 1919. Mr. J. E. Stansfield did not
represent the defendant at the trial of the case, but has since
been employed."

The only exception which it will be necessary to consider
is the following:

That the presiding Judge erred in excusing juror A. H.
Fulmer, from sitting as a juror in defendant's case, and
proceeding with the trial with eleven jurors, and in sentenc-
ing the defendant to lifetime imprisonment on the verdict
of eleven jurors, for the reason that the crime charged in
the indictment being murder which is a felony under the
law, neither the defendant nor his counsel nor the Solicitor
and assistant counsel had the power to consent to a trial by
a jury composed of less than a full jury of twelve men.
Nor did the presiding Judge have the power to continue
the trial with less than a full jury of twelve men, as the

same would be contrary to the laws of this State and violative of Article V, Section 22 and Article I, Section 18 and Section 25 of the Constitution of 1925 of the State, which provide that the right of trial by a jury of 12 men shall remain inviolate. Hence the verdict of the jury in this case was absolutely null and void, and the presiding Judge had no power or jurisdiction to sentence the defendant on such a verdict.

Section 25 of Article I of the Constitution is as follows:

"The right of trial by jury shall be preserved inviolate."

In Section 22 of Article V we find this provision: "The petit jury of the Circuit Courts shall consist of twelve men, all of whom must agree to a verdict, in order to render the same."

There are numerous decisions of this Court to the effect that the words of the Constitution above quoted mean that the right shall be preserved as it had previously existed. From time immemorial it has been the practice of the Courts of this State in the trial of persons charged with a capital felony, where a trial by jury has been demanded, as was done in this case, to accord to the accused a trial by a common-law jury, which means a jury of twelve, no more and no less, all of whom must agree before a verdict can be rendered. The framers of the Constitution are presumed to have had in mind this law and practice and intended by the provision quoted, that it should be prescribed as a safeguard to the life of the citizen. It appears that the defendant has not had such trial as was contemplated by the Constitution.

It is unnecessary to decide anything more in this case than that one charged with a captial felony, who has demanded a trial by jury, cannot be tried by any other than a jury of twelve men.

The judgment of the Circuit Court is therefore reversed, and the case remanded for a new trial.

MESSRS. JUSTICES HYDRICK, WATTS, FRASER and GAGE concur.